ACCEPTED
03-15-00243-CV
6444413
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/11/2015 1:12:18 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00243-CV

## IN THE COURT OF APPEALS
## THIRD APPELLATE DISTRICT OF TEXAS
## AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
8/11/2015 1:12:18 PM
JEFFREY D. KYLE
Clerk

## KRISTIN LEE,
**Appellant**

**v.**

## K&N MANAGMENT, INC. d\b\a RUDY'S COUNTRY STORE and BAR-B-Q
**Appellees**

---

## ON APPEAL FROM
## THE 98th JUDICIAL DISTRICT COURT
## TRAVIS COUNTY, TEXAS
(Honorable Rhonda Hurley)

---

## APPELLANT'S REPLY BRIEF TO APPELLEES

---

Law Offices of Price Ainsworth, P.C.
Price Ainsworth
State Bar No. 00950300
3821 Juniper Trace, #210
Austin, Texas 78738
512-233-1111
512-472-9157 fax

ATTORNEY FOR APPELLANT
KRISTIN LEE

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................. ii

INDEX OF AUTHORITIES ...................................................................... iii

INTRODUCTION ...................................................................................... 1

POINTS OF REPLY .................................................................................. 1

1.    The plant growth was dangerous.

2.    Rudy's had opportunity to discover plant growth prior to Lee's fall.

ARGUMENT AND AUTHORITIES ............................................................ 1

A.    The plant growth was dangerous. ................................................. 1

B.    Rudy's had opportunity to discover plant growth prior to Lee's fall ..... 3

PRAYER ................................................................................................... 4

CERTIFICATE OF SERVICE .................................................................. 5

TO THE HONORABLE THIRD COURT OF APPEALS:

Appellant Kristin Lee files this Reply Brief in response to the Brief filed by Appellees K&N Management, Inc. d\b\a Rudy's Country Store and Bar-B-Q ("Rudy's").

## INTRODUCTION

On July 22, 2015, Kristin Lee filed her Appellant's Brief. Appellees K&N Management, Inc. d\b\a Rudy's Country Store and Bar-B-Q filed their brief on July 24, 2015. Appellant now files her Reply.

## POINTS OF REPLY

1.    The plant growth was dangerous.

2.    Rudy's had opportunity to discover plant growth prior to Lee's fall.

## ARGUMENTS AND AUTHORITIES

**A.    The plant growth was dangerous.**

In Appellee Rudy's brief, two points of contention were raised. Those points are addressed here in the order they appear in Appellee's brief. First, the plant growth that protruded over the sidewalk where Ms. Lee fell constituted a hazardous condition. Evidence of such condition was presented through the deposition of a former Rudy's employee.

1

Justin House was an employee of Rudy's at the time of the incident.[1] He was about 25 feet from Kristin Lee when she fell.[2] He observed an obstacle, a plant, on the sidewalk.[3] The plant had overgrown onto the sidewalk.[4] The plant protruded out over the sidewalk.[5] When he went back to work in the next day or two, the plant had been removed.[6]

Mr. House testified that a landscaping company came out to the scene regularly (he said once a week).[7] He told the Lee family (he is a friend of Kristin's brother) that Kristin Lee fell over a plant.[8] He also gave a statement to the general manager at Rudy's that Kristin Lee fell over some bushes hanging over the sidewalk.[9] In Mr. House's opinion, the area looked safer after the plants were eliminated from hanging over the walkway, a main entrance to the restaurant.[10] He noticed that the plants had been cut back about one week or so later.[11]

Mr. House saw Kristin Lee step on a bush protruding over the sidewalk.[12] When asked whether the bush protruding over the sidewalk was a hazardous

---

[1] C.R. at p. 138 (Plaintiff's Response to Defendant K & N Management, Inc.'s Traditional and No-Evidence Motions for Summary Judgment Exhibit C – depo. of Justin House at p. 8).
[2] *Id.* at p. 139 (House depo at p. 12).
[3] *Id.* at p. 140 (House depo at p. 17).
[4] *Id.* at p. 141 (House depo at p. 18).
[5] *Id.* at p. 142 (House depo at p. 21).
[6] *Id.* at p. 144 (House depo at p. 28).
[7] *Id.* at p. 143 (House depo at p. 26).
[8] *Id.* at p. 145 (House depo at p. 39).
[9] *Id.* at pp. 146-150 (House depo at pp. 46-50).
[10] *Id.* at pp. 151-152 (House depo at pp. 51-52).
[11] *Id.* at p. 153 (House depo at p. 55).
[12] *Id.* at pp. 154-155 (House depo at pp. 59-60).

condition, Mr. House testified that "as a business owner, yes, I would take more precautions doing that."[13] Such testimony, by a Rudy's employee, established the presence of a hazardous condition on the premises in question.

**B.      Rudy's had opportunity to discover plant growth prior to Lee's fall.**

The second point of contention raised in Appellee's brief concerns the element of constructive knowledge of the hazardous condition.

The testimony delineated above suggests that the Appellant tripped over foliage that had been permitted to extend over a walkway that patrons would foreseeably be required to use to enter the restaurant. There is no suggestion that the bush "suddenly" grew over the walkway. Indeed, the reasonable inference is that the plants grew slowly over the entrance. Unlike the event where a fellow shopper spills soap on a grocery store floor immediately before the next customer slips in it, the hazard at issue must logically have existed for a considerable time before Ms. Lee fell. The bush was observed by a Rudy's employee as an obstacle as the event took place, the employee thought that the walkway looked safer when the bush was removed after the event, and the company had a procedure in place for periodically maintaining the landscaping. Genuine issues of material fact exist as to how long Rudy's knew or should of known of the hazardous condition on its premises.

---

[13] *Id.* at p. 156 (House depo at p. 61).

## PRAYER

Accordingly, Appellants pray that this Court reverse the judgment of the trial court grant their request for all relief, at law and in equity to which they are entitled.

Respectfully submitted,

LAW OFFICES OF PRICE AINSWORTH, P.C.
3821 Juniper Trace, #210
Austin, Texas 78738
512-233-1111
512-472-9157 fax

By: _____
Price Ainsworth
State Bar No. 00950300

ATTORNEY FOR APPELLANT KRISTIN LEE

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Microsoft Word and contains 503 words, as determined by the computer software's word-count function, excluding the sections of the document listed in Tex. R. App. P. 9.4(i)(1).

_____
Price Ainsworth

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document has been served to the following counsel of record as indicated below on the 11th day of August 2015.

**VIA FACSIMILIE – 512-383-0503**
Ethan Goodwin
Clark, Trevino & Associates
1701 Directors Boulevard, #920
Austin, Texas 78744

Price Ainsworth

5